Johnson v. Downing, 182 Ill. App. 536.

dispensable or that such party was to be a witness, and the affidavit in support of the motion did not show what was expected to be proved by such witness as required by statute.

2. APPEAL AND ERROR, § 592*—*when motion for new trial is necessary.* A motion for a new trial is necessary to preserve the question as to whether the evidence is sufficient to support the verdict where a case is tried by a jury.

3. NEW TRIAL, § 119*—*what is effect of motion.* Upon a motion for new trial where no written points are filed, all questions which could be heard upon such a motion are considered to be presented, but if the points are filed they constitute a waiver of all other points.

4. APPEAL AND ERROR, § 601*—*what is necessary for preservation of objections.* In order to render available an objection that a verdict is against the law and the evidence, as stated in a motion for new trial, it is also necessary to assign for error, on the record, the refusal of said motion.

5. APPEAL AND ERROR, § 604*—*what is necessary for preservation of errors in instructions.* Rulings on instructions are not preserved for review where no motion for new trial is interposed, and if such motion is interposed and points in writing are filed which do not object to rulings on instructions, such rulings are waived.

---

**Ole Johnson, Appellant, v. Gail C. Downing, Appellee.**

**Gen. No. 5,778. (Not to be reported in full.)**

Appeal from the Circuit Court of Boone county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

### Statement of the Case.

Action by Ole Johnson against Gail C. Downing to recover damages for the shooting of a dog. From a judgment for defendant, plaintiff appeals.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

F. A. OAKLEY, for appellant.

WILLIAM L. PIERCE, for appellee.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

## Abstract of the Decision.

1. ANIMALS, § 47*—*what are questions of fact.* In an action for damages for shooting a dog, *held* that the question whether defendant was justified in shooting was for the jury.

2. APPEAL AND ERROR, § 1465*—*when admission of evidence is harmless.* The admission of evidence of the general vicious character of a dog cannot be complained of where the answers of witnesses to such questions, after objections were overruled, were not responsive, and where such evidence was given by other witnesses without objection.

3. ANIMALS, § 48*—*when instructions are improper.* Instructions ignoring evidence as to attacks of a dog on different persons and that the owner of such dog knew of the attacks, instructions leaving it to the jury to determine what was a legal reason for killing a dog and instructions stating that a defendant was liable if he killed a dog without any legal reason for so doing, *held* properly refused.

---

Excelsior Steel Furnace Company, Appellant, v. F. Meyer & Brother Company, Appellee.

## Gen. No. 5,782.

1. PATENTS, § 39*—*what court has jurisdiction of infringement.* The remedy for infringement by making articles which are covered by letters patent issued to a plaintiff or his assignor, or where such a plaintiff is protected by an application for a patent, the rights of which have been assigned to him, is in the United States Courts.

2. INJUNCTION, § 51*—*when bill will lie.* Equity has no jurisdiction of a suit by one trader in an article to enjoin another trader